NAME  Vaatausili Mark Alaimalo
      86098-002  Unit 2A
      Atwater U.S.P
      BOX 019001
      Atwater ATW CALIF 95301

(ADDRESS or PLACE OF CONFINEMENT and
PRISON NUMBER)
NOTE: *If represented by an attorney, his name,
address and telephone number*

FILED
DISTRICT COURT OF GUAM
DEC 15 2003
MARY L. M. MORAN
CLERK OF COURT



# 𝕌𝕟𝕚𝕥𝕖𝕕 𝕊𝕥𝕒𝕥𝕖𝕤 𝔻𝕚𝕤𝕥𝕣𝕚𝕔𝕥 ℂ𝕠𝕦𝕣𝕥

## DISTRICT COURT OF GUAM  03-00044

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| v. | CV-99-00106  Crim 96-00039 |
| Vaatausili Mark Alaimalo | (To be supplied by the Clerk of the U.S. District Court) |

Full name of movant (include name under
which you were convicted)

MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE BY A PERSON IN
FEDERAL CUSTODY

28 U.S.C. §2255

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## INSTRUCTIONS AND INFORMATION — READ CAREFULLY

This motion must be legibly handwritten or typewritten and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any question use reverse side of sheet.

Additional pages are not permitted. No citation or authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

MOTION UNDER 28 U.S.C. §2255

**COPY**

Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each judgment.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

When the motion is fully completed, the *original and two copies* must be mailed to the Clerk of the United States District Court whose address is: District Court of Guam

ATTN: Intake/Docket Section

Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

------------------------------------------------------------------

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____

2. Date of judgment of conviction ____ Oct 3, 1997 _____

3. Length of sentence ___ Five Life sentences+30 yrs ___ Sentencing Judge ___ Hon Judge John s. Unpingco

4. Nature of offense or offenses for which you were convicted _____

    ——— (3) three counts of Importation, 21 USC 952 (a), 960, (3) three counts of ———
    ____ possession with intent to distribute Meth, 21 USC 841(a)(1)(A). ____

5. What was your plea? (Check one)

    (a)  Not guilty (X)
    (b)  Guilty (  )
    (c)  Nolo Contendere (  )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details _____

6. Kind of trial: (Check one)

    (a)  Jury (X)
    (b)  Judge only (  )

7. Did you testify at the trial?   Yes (  )  No (X)

8. Did you appeal from the judgment of conviction?   Yes (X)  No (  )

-2-

9.  If you did appeal, answer the following:

    (a) Name of Court _____
    (b) Result _____
    (c) Date of Result _____

    District of Guam,
    Affirm 313 F 3d 1188, (2002)
    Oct 20, 2002

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ( ) No ( )

11. If your answer to 10 was "yes", give the following information:

    (a) (1) Name of Court _____   District court of Guam
        (2) Nature of proceeding ___ 28 USC 2255 _____

        (3) Grounds raised ___ ILLEGAL SEARCH _____
            _____
            _____
            _____
            _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( ) No ( )
        (5) Result ___ DENIED _____
        (6) Date of result _____ FEB 15, 2000 _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of Court _____
        (2) Nature of proceeding _____

        (3) Grounds raised _____
            _____
            _____
            _____
            _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( ) No ( )
        (5) Result _____
        (6) Date of result _____

    (c) As to any third petition, application or motion, give the same information:

        (1) Name of Court _____
        (2) Nature of proceeding _____

        (3) Grounds raised _____
            _____
            _____
            _____
            _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes ( ) No ( )
        (5) Result _____
        (6) Date of result _____

-3-

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1) First petition, etc.            Yes (X)    No ( )
    (2) Second petition, etc.        Yes ( )    No ( )
    (3) Third petition, etc.          Yes ( )    No ( )

(e) If you *did not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully.

    CAUTION:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, *you should raise in this motion all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b) Conviction obtained by use of coerced confession.

    (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

    (e) Conviction obtained by a violation of the privilege against self-incrimination.

    (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

    (g) Conviction obtained by a violation of the protection against double jeopardy.

    (h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

    (i) Denial of effective assistance of counsel.

    (j) Denial of right of appeal.

-4-

A. Ground one: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

JURISDICTION TO BE HEARD UPON NOW INVALID IMPORTATION
COUNTS _____

B. Ground two: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

NOW INVALID IMPORTATION COUNTS INVALIDATE THE INDICTMENT

C. Ground three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

UPON RESENTENCING, ILLEGAL SEARCH CAN BE HEARD UPON

FRAUD relation back F.R.CV.P RULE 15 (C)

D. Ground four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

DUE PROCESS PRIOR ENHANCEMENT WAS ERRONEOUS ON
UNQUALIFYING RELATED PRIOR

13. If any of the grounds listed in 12A, B, C and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

ALL ABOVE CAUSE BY (4) FOUR ATTORNEYS AND ONE LAW STUDETN
FAILURE TO RAISE RELEVANT LAW MEETS THE 1 AND 2 PRONG OF
STRICKLAND _____

-5-

Civ. - 67 (01/83)

MOTION UNDER 28 U.S.C. §2255
Case 1:03-cv-00044    Document 1    Filed 12/15/2003    Page 5 of 59

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ( ) No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: Robert Hartock

   (a) At preliminary hearing _____

   (b) At arraignment and plea _ Lucy Brehm _____

   (c) At trial _ Basil O'Mallan _____

   (d) At sentencing _____

   (e) On appeal _ Richard Arens _____

   (f) In any post-conviction proceeding _ Ruth Sanders _____

   (g) On appeal from any adverse ruling in a post-conviction proceeding _ Sarah Courageous _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time? Yes ( ) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No ( )

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) And give date and length of sentence to be served in the future: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed sentence to be served in the future? Yes ( ) No ( )

WHEREFORE, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.
Executed on _11-24-03_
                (Date)

*Vaatausili Mark Alaimalo*
Signature of Movant

Vaatausili Mark Alaimalo

-6-

Vaatausili Mark Alaimalo
_____
(Petitioner)

_____
_____
United States of America

Vaatausili Mark Alaimalo

I,_____ , declare that I am the movant in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?          Yes_____          No_____

   a. If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   b. If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received.

   _____

2. Have you received, within the past twelve months, any money from any of the following sources?

   a. Business, profession or form of self-employment?  Yes_____  No_____
   b. Rent payments, interest or dividends?  Yes_____  No_____
   c. Pensions, annuities or life insurance payments?  Yes_____  No_____
   d. Gifts or inheritances?  Yes_____  No_____
   e. Any other sources?  Yes_____  No_____

   If the answer to any of the above is yes, describe each source of money and state the amount received from each during the past twelve months.

   _____

3. Do you own any cash, or do you have money in a checking or savings account?  Yes_____  No_____  (Include any funds in prison accounts)

   If the answer is yes, state the total value of the items owned.

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  Yes_____  No_____

   If the answer is yes, describe the property and state its approximate value. _____

-7-

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. _____

_____

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.
Executed on ___*11-24-03*___
(Date)

Nov *24* 2003

*Vaatausili Mark Alaimalo*
Signature of Movant

VAATAUSILI MARK ALAIMALO

## CERTIFICATE

I hereby certify that the Petitioner herein has the sum of $_____ on account to his credit at the _____ institution where he is confined. I further certify that Petitioner likewise has the following securities to his credit according to the records of said _____ institution: _____

_____

_____

_____

_____
Authorized Officer of Institution

_____
Title of Officer

Civ. - 67 (01/83)

MOTION UNDER 28 U.S.C. §2255

# Table of Contents

(i)

Filing Form                                                          page       1 to 8

Statement of Case                                                               1

Statement of Facts                                                              2

Jurisdiction                                                                    5

                       Arguments

Issue I    Part A    Defective Indictment Missing Elements Can be Raised at

                            Any Time Causing a Jurisdictional Defect                    10

Issue I    Part B    Defendant Indictment and Jury was Denied Elements to

                            the (3) Importation Counts Effecting the Remaining

                            Counts                                                      11

Issue II   Part A    Amendment Filed After Limitation Period Can Relate

                            Back to Timely Filed petition, Defendant Amends with

                            New Affidavit his Illegal Search No Probable Cause by

                            Police Fraud, F.R.CV.P rule 15 (c)                         14

Issue II   Part B    Ineffective Counsel Cause Prejudice from NO Probable

                            Cause Illegal Search and Government Fraud Probable

                            Cause                                                      15

Issue II   Part C    Ineffective Counsels All Failure to Object to No

                            PROBABLE CAUSE, Illegal Search                             23

Issue II   Part D    Ineffective Counsel Failure to Object that Police Crossed

(i)

Alaimalo's CURTILAGE area  28

Issue II   Part E   Ineffective Counsels Failure to Object and Suppress the

Fraud Exigent Circumstances  32

Issue II   Part F   Ineffective Counsel Failed to Object to Raise Knock and

Announce  37

Issue III   Upon Resentencing Supreme Court Defined Related Priors

Count as One  40

Issue IV   (4) Four Ineffective Counsel's Deny Alaimalo's Constitutional

Right to Effective Assistance of Counsel  43

Issue V   Coerced Consent Failed to Raise by ineffective Assistance of

Counsel  47

Issue VI   Alaimalo's Prior Enhancement Never Qualified Caused by

Ineffective Assistance of Counsel  48

Conclusion  49

Appendix  End

Case Records will be referred as follows;

MS = Motion to Suppress

TR = Trial Record

ST = Sentencing Transcript

(ii)

District Court of Guam

Territory of Guam

Vaatausili Mark Alaimalo
Defendant

CV-99-00106
Crim no 96-00039

vs

United States of America
Plaintiff

_____/

## Statement of Case

Appellant was charged of two counts of importation of Methamphetamine 21

USC 952(A), 960, One count attempted importation of Meth, 21 USC 952(A),,

960,963, THREE counts of possession with intent to distribute meth, 21 USC

841(A). Upon Jury conviction appellant was sentence to life for counts 1,2,3,5,6

and 360 months to count IV. Oct 3, 1997 9th circuit affirmed the conviction. Dec

2,, 1998, a 28 USC 2255 was filed. Denied Feb 15,, 2000, C.O.A was granted by

the 9th circuit court. Appeal court affirmed Dec 20, 2002, Appellant submitted

PRO-SE Frap 40 rehearing and Frap 35 En Banc while his Attorney only filed Frap

40 Rehearing all denied, See Ex A, 3 of 3. Ninth Circuit En Banc Just Ruled

Alaimalo's Importation counts are INVALID. From the NOW INVALID

IMPORTATION counts, defendant should be resentence.

1

Statement of Facts

Trial District court, Direct Appeal, Habeas Corpus 2255, 2255 Appeal, 2255

Supreme court, all attorneys and one law student ADOPTED THE SAME

POLICE LIES, "ENDORSED, EMPHASIZED OVER AND OVER AGAIN by

DEFICIENT counsels.

STATEMENT OF FACTS        PROSECUTOR'S FALSE VERSION

OCT 6, 1995, Upon a postal dog sniff, discovered a package with 200 grams of

Methamphetame to Thomas Sablan, 16 Salas street, Officer Palacios' Lied it had

Alaimalo's name on it. It was replaced to 2 grams in the two plastic lanterns for a

controlled delivery. 24 officers followed the black truck in a circuitous route and

ended up at Ester Lane a thick secluded cannot see into driveway. Police saw a

truck exit the area and stopped it, driver said he came from his brother's

Alaimalo's house, (police lie) simultaneously police approached the houses.

Sergeant Blas was given 113 Ester Lane but police testified they did not know (lie)

where or what address the package was going, reason for not attaining a warrant,

MS 73. Police entered the curtilage area, two houses door closed. Police saw

truck parked in Alaimalo's driveway (Lie). Third house wooden door open, police

yelled Police, Sablan appeared, they ordered him out, (LIE) he OPENED THE

SCREEN DOOR and exited, his family followed, (LIE). Police entered and did a

protective sweep, upon knocking on closed locked door, when opened saw

2

Alaimalo holding a knife, he dropped the knife and he and wife were both handcuffed taken to living room. Alaimalo signed the consent to search form provided they would not arrest his wife and 1 year old. (actually police coerced him first).

## DEFENDANT'S ACTUAL VERSION

(5) Five Attorneys, 1, Pre-trial, Mr Robert Hartock, Motion to Suppress, Ms Lucy Brehm, Trial and sentencing, Mr J. Basil O'Mallan, Direct Appeal Mr Richard Arens, Habeas corpus 2255, law student Ms Ruth Sanders, 2255 Appeal, All MISSED THE SERIOUS errors, Illegal search as PROBABLE CAUSE;

1. Officer Palacios' lied Alaimalo's name was on the package, 2. Officers Lied, they were given 113 Ester lane as target address, 3. Palacios' and Agent Amaguin both testified they DID NOT FOLLOW the truck the WHOLE TIME 20 minutes to Ester lane. 4. Police stopped a truck exiting from Ester Lane, driver said, he's coming from his brother's house, (did not say who's brother), 5. Simultaneously approached the houses, crossed the CURTILAGE area, two houses door closed, black truck was parked on the GRASS BETWEEN TWO HOUSES, (not on Alaimalo's driveway). EXIGENT CIRCUMSTANCES..... 6. Third house wooden door open and screen door closed Mrs Sablan testified App 92, TR 698 699, they

3

had a gun facing the screen door, all I remember is them yelling, "EVERYBODY

DOWN, PUT YOUR HANDS UP." With their "KNEE" on my back cuffed Me

and Thomas right next to me. Tr 700 ln 14, precise how long...tr 702, about (5) five

minutes then took us outside and right away took the cuffs off. 7. Sablan DID

NOT APPEAR at the screen door as Palacios' lied. Sablan was on the floor,

Sergeant Blas was the only officer to see through the screen door, Blas could NOT

IDENTIFY Sablan, Palacios' was the THIRD OFFICER in line, he CANNOT SEE

Sablan left of the door on the floor, Sablan could not OPEN the screen door and

exit for he and wife were on the floor both handcuffed for (5) five minutes, App 96

Tr 702. Then police took them outside and uncuffed them. 8. Palacios' LIED that

they did not aimed the guns, tr 95. 9. Police COERCED Alaimalo by threatening

to arrest his wife and 1 year old baby unless he signed the consent to search form,

(Attorneys failed to adequately argue the coerced consent). This District Court

MUST STOP false evidence admission for prejudice higher sentences caused by

ineffective all Petitioner's counsels.

All above Government Fraud LIES, corroborated by affidavits of Mrs Sablan,

App 103, and Finally FOUND Mr Thomas Sablan, App 103, Ms Tr 36, Sablan

Opened the Door Latch, Ms Tr 71, ln 5, Sablan stepped out, family followed, Ms

Tr 73, ln 6, did you ask permission to enter the house, ln 8, NO. pg 4,

Note 1, Tr 95, ln 21, No one had guns drawn ln 3, NO (LIE)

4

## Jurisdiction

Supreme court in CUSTIS V UNITED STATES 128 L ED 2D 517 (1994),

HELD, AT (5), If accused is success in attacking the state sentence enhanced on

the basis of the state sentence. See UNITED STATES V WILLIAM HARRISON

Cr No 1;90-Cr 460-01. U.S District Court North District of Georgia, Atlanta

Division, April 6, 2000. In Nov 1998, Judge Doris Downs of Fulton Superior

Court Vacated defendant's conviction of Two robbery charges and one kidnapping

charge. April 5, 1999, government filed objections to Superior court's order.

Superior court upheld the order to Vacate the priors. Defendant then filed 2255

motion to the United States District Court North District of Georgia, Atlanta

Division, under CUSTIS, that his priors used to enhance his federal sentence was

Vacated and should be resentence excluding the prior enhancement. Prosecution

objected arguing that the defendant must file to the U.S Court of Appeals, under

the Antiterrorism Act 1996 (AEDPA) for permission to file to the District court.

U.S District Court REJECTED THE AEDPA restriction because the Vacated

priors automatically RESTARTS the AEDPA (1) ONE YEAR section 2244 tolling

clause. Thus, the District court had JURISDICTION to resentence defendant to

exclude the enhancement priors. Harrison was resentence from 20 years plus to

(8) eight years and he left prison two weeks after. Case at bar, this U.S District

court Guam analogous to Harrison. Defendant files his illegal sentence from U.S

Court of Appeals, 9th circuit UNITED STATES V CABACCANG 332 F 3d 622 (9th

cir 2003) En Banc held that Transportation of drugs flying in International

Airspace DOES NOT violate Importation counts 18 USC 960 and thus,

CABACCANG'S (3) THREE importation counts were no longer valid. Ninth

Circuit held, remand was necessary for the District court to determine whether the

importation acts effected the remaining counts and if not, CABACCANG should

then be resentence on remaining count 6, that was charged 21 grams of

methamphetamine. Analogous to Defendant and CABACCANG, the SAME

Attorneys are negotiating with prosecution as to which particular preliminary or

evidentiary hearing is required or a deal is settled to resolve the case. Defendant

has the same three importation counts that are also INVALID. Defendant has,

Fraud, illegal search and Supreme court just defined defendant's two state priors

are RELATED. Thus, this court at (1) one prior sinks the 21 USC 841 (a)(1)

Mandatory life sentence. This Court has jurisdiction and Equity powers to correct

the now INVALID illegal importation counts for resentencing.

6

In CABACCANG, the invalid importation counts were INEXTRICABLY INTERTWINED with the remaining counts by;

1. CABACCANG FACTS ONE, Objects OF the conspiracy over ACTS in counts 1,2,5,6,9,10,and 13.

In ALAIMALO FACTS ONE, Closing Argument tr 871, ln 12, Prosecutor points that (3) THREE Different ACTS of importation neatly corresponds to Meth seized in (3) three different areas, Post Office, bedroom and buried ice.

2. CABACCANG FACTS TWO, Through out trial and Government's Closing argument, Theory of Importation was argued.

In ALAIMALO FACTS TWO, Tr 849, ln 19, count VI, Is the "CATCH-ALL" count, he began to IMPORT, LN 23, OBVIOUSLY he not only IMPORTED IT, he POSSESSED it with intent to distribute it. Tr 850, ln 6, Alaimalo possessed it with intent to TRANSFER IT, ln 15, at ln 22, Government's theory of the case,

3. CABACCANG FACTS THREE, Count 2, and 3, were argued together rather than separate distinguishing conspiracy between now invalid importation counts.

ALAIMALO FACTS THREE, ALL SIX of these counts as above, IMPORTATION counts were argued INTERTWINED with all (6) six counts.

See Count VI, Catch All count, tr 849, to IMPORT and possess.

Tr 847, ln 19, Count III, is clearly the CENTERPPIECE of this case, Attempted importation and finally successfully received the drugs. Although the drugs were

7

seized from the POST OFFICE, 252 grams, (Alaimalo could not possess this 252 SEIZED grams).

Tr 869, ln 14, So there's a connection between individual responsible for the IMPORTATION and or possession of those three different items. (Same (3) three importation counts drugs are the Same to three different items possession drugs). If IMPORTATION is INVALID and the same three drugs are invalid, then there's NO DRUGS for count 4,5 and 6.

4. CABACCANG FACTS FOUR, Objects Acts of Importation intertwine with Conspiracy.

In ALAIMALO FACTS FOUR, Tr 922, ln 14, Jury instructions, in order for an IMPORTATION TO TAKE PLACE, drugs must have been brought from International airspace. Alaimalo cannot possess drugs if importation SAME drugs are not invalid. Tr 924, ln 14, government is not required to prove amount or quantity of Meth charged in indictment. Now INVALID IMPORTATION counts grouped Now invalidates the statute charged, 841 (b)(1)(A), where now the drug quantity must be decided by the jury to fit under which charge, 841(b)(1)(B) MAXIMUN 40 years, or 841 (b)((1)(C) Maximun 20 years, or as argued in CABACCANG, all SAME drugs are INVALID.

5. CABACCANG FACTS 5, Roy Cabaccang was convicted under count VI,

8

Possession of 21.19 grams, concurrent to count 1,4,5, 21 grams was level 32, insufficient for a life sentence. Count 6 was grouped with count 1, drug amounts. In Other words count 6, is TOO SMALL to support a life sentence or grouped for quantity. Invalid under YATES, now unconstitutional and would violated the Due Process clause. (Alaimalo's Sentence record pg 9, Actual 74 Grams total).

ALAIMALO FACTS TO FIVE, Alaimalo was convicted to count 4, 68 grams under 100 grams and 1000 grams analogous to CABACCANG Too small to support a life sentence UNGROUPED under 841 (b)(1)(A).

Count VI, the CATCH ALL 1000 grams, but now EXCLUDING the NEVER POSSESSED post office 252 grams that was replaced. 1000 grams cannot be met under 841 (b)(1)(A) because the 252 was replaced, thus Alaimalo now here fits under 841 (b)(1)(B) Maximun 40 years not life. IMPORTED 252 Grams.

Count VI, tr 869, Import or possess those (SAME) three different items (same 3 drugs) IMPORTED he also possessed, thus, as CABACCANG count 6, was "GROUPED" with IMPORTATION drug amounts, same as in ALAIMALO. Tr 849, ln 19, count VI, catch all, he imported, possessed...having imported it. Tr 917, 1000 grams, to count VI, THUS, since the same (3) three invalid importation drugs were the same possession count. No drugs should be counted. At No drug amounts, Alaimalo's count 6, thus, falls under 841 (b)(1)(B) or 841(b)(1)(C), at (C) is maximum 20 years.

9

Count VI, Also since all drugs quantities now invalid by the SAME importation counts, and counts IV,V AND VI were INEXTRICABLY INTERTWINED, no drugs should count and again Alaimalo's life sentence GROUPED with importation counts are all invalid. In Sum, Alaimalo must be resentenced. This court did not have Jurisdiction from violations of Alaimalo's constitutional Rights Violations, this NOVELTY not raised by ineffective counsels violations of 4th,5th,6th and 14th Constitutional amendments RIGHTS, Writ should be granted.

Issue I Part A    Defective Indictment Missing Elements Can be Raised at Any time Causing a Jurisdictional Defect

ADAMS V UNITED STATES 155 F 3d 582 (2nd cir 1998), Anytime a Jurisdictional defect can be contested, F.R.CR.P rule 12 (b)(2). Law of the case, UNITED STATES V CABRERA-TERAN 168 F 3D 141 (5th cir 1999), At (2), Indictment's failure to charge an offense constitutes a Jurisdictionnal defect. At (3) Because an indictment is Jurisdictional, defendant's at "ANYTIME" May raise an objection to the indictment based on failure to charge an offense. At (6), purpose of indictment is to insure the grand jury finds probable cause to each element of the offense, justifying trial, as required by the fifth amendment. In

10

UNITED STATES V LONGORIA 5th cir no 00-50405, July 19, 2001, Failure to charge an offense in indictment is a Jurisdictional defect. We (5th cir) hold, failure to charge drug quantity element in indictment and its specific reference to section 841 (b)(1)(D) deprived the District Court of "Jurisdiction" to sentence LONGORIA. There are no exceptions to the rule, that parties cannot manufacture Federal jurisdiction. Supreme court defined the jurisdictional defect as in, APPRENDI V NEW JERSEY 147 L ED 2D 435 (2000), Clerifying that the error must prove "NOT HARMLESS" as in United STATES V COTTON 152 L ED 2D 860 (2002).

Conclusion to Issue I Part A

This court has Jurisdiction to hear Alaimalo's Jurisdictional defective indictment, a 5th Constitutional amendment "RIGHT" violation upon INVALID Importation counts

Issue I    Part B    Defendant Indictment and Jury was Denied Elements to the (3) Importation Counts Effecting the Remaning Counts

UNITED STATES V CABACCANG 332 F 3d 622 (9th cir 2003) En Banc, Banc) ruled that, indictment element transportation of drugs on nonstop flight between two locations in the United States, does not constitute Importation under 21 USC 952 (O) even though the flight passes through international airspace. En

11

Banc 9th cir decision involved transporting Methamphetamine from Los Angeles, to Guam. Majority held, international airspace is not a place which drugs come. Alaimalo's count I Importation of Meth, March 1994, Nine ounces, to 21 USC 952 (a), 960. Count 2, Importation of Meth, June 1995, 20oz to 21 USC 952 (a), 960. Count 3, Attempted Importation of Meth, 206 grams to 21 USC 952 (a), 960. The 9th circuit remanded CABACCANG back to the district court to decipher whether the importation acts elements effected the remaining counts. If not, then the district court should resentence CABACCANG case on count 6, 21 grams of Meth which would be an under 10 years sentence instead of life, thus warranting resentencing.

In case at Bar, This Jurisdictional defect makes his counts an ILLEGAL sentence. Defendant also must be resentence to surgically separate the importation acts effecting the drug quantities of the remaining counts. See Issue II A, relation back F.R.CR.P rule 15 (c), Defendant amends his first 2255 from "Government FRAUD," CAUSE the delay for this court to decide the proper merits and not by "FRAUD," the illegal search issue. Defendant's 4th amendment meritorious issue now should be heard and suppressed. Thus this court in preliminary hearing must "SURGICALLY" remove the "TAINTED" importation acts of the remaining counts for resentencing. KEATING V HOOD 193 F 3d 1053, 1058 99th cir 1999), 9th circuit reemphasized, We have interpreted Supreme precedent to

12

require reversal in any case which verdict may have rest on an illegally invalid ground. YATES V UNITED STATES 1 L ED 2D 1356 (1957), INVALID importation counts, See GRIFFIN V UNITED STATES 502 US 46, 59, (1991), It is long settled in cases where the verdict is supportable on one ground but not on another, and it is impossible to tell which ground the jury selected. Thus, the verdict must be set aside, YATES, 354 US at 312. Where on object of this conspiracy is based upon legal error, but not factually inadequate theory. As the Supreme court states long ago, "When it is impossible to know precisely what the jury considered, but one of the conspiratorial objects was substantially invalid then not knowing, a reviewing court must overturn the conspiracy conviction," See U.S V CARMEN 577 F 2d 556, 568, (9th cir 1974).

## Conclusion to Issue I Part B

For all the reasons above the jurisdictional defect, missing elements prove this court lacks jurisdiction to impose importation counts sentences. Defendant's (3) three importation counts should be Vacated, dismissed. The remaining possession drug life sentences should be reduced to 10 years not life. Supreme court defined defendant's two priors were "RELATED" and thus, sinks the remaining life sentences. Defendant's illegal search "FRAUD," exigent circumstances also violate the 4th amendment constitution and all evidence should be suppressed. U.S CONST AMEND 4,5,6 and 14th.

13

Issue II      Part A      Amendment Filed After AEDPA Limitation Period Can
                          Relate Back to Timely Filed Petition, Defendant Amends
                          with New Affidavits his Illegal Search No Probable
                          Cause by Police Fraud, F.R.CV.P rule 15 (c)


U.S V THOMAS 221 F 3D 430 (3rd cir 2000) Third Circuit held, relation back

rule may be applied to motions to vacate to extent amendment seek to amplify or

Clarify timely failed claims. Thomas argued he should have been allowed to file

his memorandum under rule 15 (c) which provides;

> Relation Back of Amendment, of a pleading relates back to the date
> of the original pleading when, 1. Relation back is permitted by law
> that provides statute of limitations applicable to the action or 2.
> Claim or defense asserted in the amended pleading arose out of
> conduct, transaction, or occurence set forth or attempted to be set
> forth in original pleading.

No conflict with AEDPA Antiterrorism Act 1996. Third circuit held purpose of

relation-back rule is to allow claims to be decided on their merits rather than on

basis of technicalities. Party may raise and relate back claims that otherwise

would have been barred by statute of limitations, as long as, the claim "Arose out

of conduct transaction of concurrence set forth in original pleading." Also noting

section 2255 provides a prisoner an opportunity to "SEEK ONE FULL

COLLATERAL REVIEW." Claims are question for the district court. If the

claims on their face allege sufficient supporting facts and present issues of enough

14

substance to permit further proceedings. UNITED STATES V JOHNSON, 7th cir No 97-2519, (1999), Joins the 3rd circuit.

| | | |
|---|---|---|
| Issue II | Part B | Ineffective Counsel cause Prejudice from No Probable Cause Illegal Search and Government Fraud Probable Cause |

KIMMELMAN V MORRISON 91 L ED 2D 305 (1986) Restrictions on habeas corpus review of Fourth amendment claims held not applicable to sixth amendment claims that assistance of counsel was ineffective because of incompetent representation on Fourth amendment issues. Counsel for Accused failed to request for discovery and thus, was not aware the police seized a bed sheet form accused's apartment were the rape occurred. Counsel's motion to suppress police testimony on the sheet that police without warrant violated the 4th amendment. Supreme court held, there's no Bar to 1. 4th amendment claim of ineffective counsel.

2. That counsel failed to file timely suppression hearing under circumstance presented fell below reasonable professional assistance and was constitutionally deficient.

3. The record was insufficient to determine whether there was a reasonable probability trial would have been different absent counsel error. Analogous to KIMMELMAN, a, First Attorney advised defendant to plea to 40 years without

15

any preparation of any defenses, and failure to file suppression hearing to the illegal search, he was FIRED.

b, Second trial counsel Ms Lucy Brehm filed suppression hearing but only argued exigent circumstances ad failed to argue NO PROBABLE CAUSE.

c, THIRD Attorney Conducted Trail, Mr J. Basil O'Mallan, all did not object to No probable cause and Police Fraud during trial testimony.

d, Direct Appeal Attorney Mr Richard Arens, also missed the No Probable cause police FRAUD evidence.

All above Attorneys failed to OBJECT to the FRAUD;

1. Officer Palacio's LIED defendant's name was on the PACKAGE, cop of the package address was in DISCOVERY.

2. Palacio LIED Searget Blas said target address was 113 Ester Lane, same officer testified if they had the name and address he would have seeked a WARRANT.

3. All police LIED they followed the truck the whole time, ln 22, No, App 88, Tr 276, App 81, tr 65 ln 22, App 82.

4. Police LIED Brother's truck stopped, and he said he came from his brother's Alaimalo's house.

5. Police LIED the truck was parked on Alaimalo's driveway, Truck was parked on the Grass, between the two houses, See affidavit, app 76.

6. Palacio's LIED police yelled and Thomas Sablan appeared at the Screen door,

16

App 103, 104.

7. Police LIED Sablan opened the Screen door and exited, app 104 Affidavit.

8. Police LIED they NEVER AIMED or pointed guns at them, app affidavits 103, 104. Tr 95, ln 21.

9. Police LIED they entered with guns pointing down, never pointed guns until they entered Alaimalo's room.

All (4) Attorney's Hartock, Brehm, O'Mallan and Direct Appeal Attorney Richard Arens, All UNAWARE as in KIMMELMAN V MORRISON all failed to file suppression to suppress false fraud police, false probable cause violating the 4th Constitutional amendment by (4) four incompetent counsels violating the 6th amendment guarantee of effective counsel, see STRICKLAND V WASHINGTON 80 L ED 2D 674 (1984). All four counsels, meet the STRICKLAND 2 prong test, all failed to argue NO PROBABLE CAUSE and Police FRAUD.

## ORAL HEARING ON DIRECT APPEAL

1. App 78, Justice panel Judge said, "they don't know where the package was, I don't hear any probable cause. Justice tells Attorney Arens he should write a claim on PROBABLE CAUSE.

2. App 79, Justice #1, You're CONVINCING me over and over again that you did NOT HAVE PROBABLE CAUSE, YOU KNOW WHERE the PACKAGE was.

3. App 80, Justice, At the time police entered, Police DID NOT KNOW (where

17

the package was). Justice said to Attorney Arens, Arens said, Police lost sight of the car, Justice, Now I'd like you to focus on this question, Where was PROBABLE CAUSE to enter the house? Arens, I would say not, based on the enlightenment that the court has given me this morning, they lost sight from the foilage (around the house). Justice, Do you agree, unless the government establishes probable cause, they don't reach exigent circumstances. Arens, ABSOLUTELY...I agree with the court.

## SUMMARY

Attorney was enlightened by Justice #1, Judge told Arens to write his claim NO PROBABLE CAUSE, Arens agreed, ABSOLUTELY, Yet Attorney and three Attorneys, ALL FAILED TO RAISE CLAIM, of NO PROBABLE CAUSE. See U.S V ALAIMALO 313 F 3d 1188 (9th cir 2002), At pg 1191, II,

On 28 USC 2255, Law Student Legal assistance help for Leaventworth Kansas Prison, Ms Ruth Sanders, repeated the same errors as prior (4) four attorneys. On 2255 appeal, 9th circuit granted (C.O.A) Certificate of Appealability and appointed Attorney Ms Sarah Courageous for appeal. Ms Courageous decision on invalid importation counts. Ms Courageous joined defendant's Para-legal and Raised NO PROBABLE CAUSE on Frap 35 En Banc and Frap 40, rehearing. Althought the claim was not raised at the District court level. Ninth circuit usually does not hear claims not raised at the district court level.

18

## SUMMARY

Ms Courageous and Her Attorney Firm Won the Importation decision in

CABACCANG, making the defendant's (3) three importation counts invalid. This

should restart the AEDPA 1 YEAR clock, to file habeas corpus or defenant's No

Probable cause claims by incompetent counsels can be heard upon F.R.CV.P rule

15 (c), Relation back amendment or police external impediment, FALSE police

fraud, F.R.CV.P rule 60 (b),(6).

All Attorneys prior to Ms Courageous Missed claims of A, No

Probable cause, B, Police Fraud

1. Package address copy was in discovery did not mention Alaimalo's name, nor

mail box sign up form does not list defendant's in prior names.

2. Palacio LIED Seargent Blas gave target address 113 Ester lane. Police testified

they did not know the adres until they entered the house.

3. Police testified tey did not follow the truck the WHOLE TIME to Ester lane,

Ms pg 73, ln 20, You lose sight of the truck, A, No, Lie, MS pg 65, You folow the

WHOLE TIME, LN 22, NO. APP 88, TR 276, PALACIO testified, I followed, the

stopped and PARKED at the Department of Agriculture builing. App 90 Tr 276,

Office Amaguin, I only saw the truck at Leyand St and I also PARKED at the

Agriculture building. Only two officers testified to following the truck and just as

(9th Circuit Justice said at oral hearing, "they did not know where the PACKAGE

19

WAS." Police lost sight of the truck and the PACKAGE.

4. Someone's brother drove from the house foilage area that police cannot see from 300 yards out. See app 77, pg 34, Poilice stopped the truck, occupant said "I came from my brother's house, he did NOT SAY, "ALAIMALO." Officer Mantanona said, he did not recall hearing Alaimalo's name mentioned. Palacio LIED again. Transcripts show the police proceeded to enter Ester Lane "SIMULTANEOUSLY" as police stopped the brother's home area. Police still "NEVER Knew WHERE THE PACKAGE WAS."

5. Upon entering the foilage area, surrounded by thick trees, police could not see any houses at the opening entry until they etered the entry.         Then they saw (3) three houses, they knocked on two houses, doors closed on one home. Truck was parked "BETWEEN" two houses (NOT IN ALAIMALO'S driveway as police LIED again).

### UP UNTIL THIS POINT

Police did not have the name nor adress as they LIED, or they would have gotten a search warrant. Police lost sight of the truck, thus DID NOT KNOW where the PACKAGE was? They DIDN'T KNOW which house, didn't see it in the truck.

Upon entering the entrance for the first time, you can see the curtilage area and three houses. Police did not know where the truck nor package was. Knocked at

Two residence, truck parked on the grass, between two residences. Police approached theh third residence, only the screen door was closed. Police did not know where the package was nor occupants that picked up the package. Seargent Blas pointed his gun at the screen door with 2nd agent and third officer Palacio's BEHIND BLAS. Blas Yelled, "EVERYBODY DOWN, HIT THE FLOOR, PUT UP YOUR HANDS." See Mr, Mrs Šablan affidavits, app 103, 104. Also trial testimony of Mrs Sablan, App 92, tr 698, App 93, Tr 699, ln 9, Mrs Sablan saw a gun pointing throught the screen door as police yelled everybody down. Police came in guns pointing, with KNEE on BACK, Sablans were handcuffed, (app 94, tr 700, ln 17) on the floor. Mr, Mrs Sablan held on the floor for (5) five minutes. Officer Palacio's LIED, he saw Thomas Sablan appear at the screen door, LIED, Sablan OPENED the door and exited, then arrested. Palacio's did not see anyone being third officer behind Sergeant Blas

Case 1:03-cv-00044     Document 1     Filed 12/15/2003     Page 31 of 59

Only Blas could see Mr, and Mrs Sablan being the ONLY officer at the screen door. Blas HAD NO INFORMATION as to who, Sablan was. Palacio's was third officer behind two officers, he could not see Sablan appear especially when Bals yelled, "HIT THE FLOOR."

## Conclusion

All above lies were repeated in District Court, direct appeal, Habeas 2255 and 2255 appeal motions, All by (4) four attorneys, one law student. All above, REPEATED THE SAME LIES, that Sablan appeared at the screen door and exited. Ninth circuit held, this LIE gave "MILD EXIGENCY" and thus denied defendant the illegal search upon Government's FALSE PERJURY evidence.

"Lies, were ENDORSED and EMPHASIZED, OVER and OVER to

show probable cause and Exigent circumstances."

All Attorney caused, "A Single Serious Error," TOMLIN V MYERS 30 F 3d 1235, 1239 (9th cir 1994), Lack of probable cause is clearly a "MAJOR CONSTITUTIONAL ERROR." If error prejudice the case, STRICKLAND 466 US AT 694, Citing KIMMELMAN 477 US 383.

Alaimalo was denied 5th Constitutional amendment due process Right to counsel through out all criminal proceedings. Right to 4th amendment protections, from unreasonable searches, Right to 6th amendment guarantee to effective counsel. Right to due process by the States the 14th amendment from

22

illegal state officers, FRAUD. Violations of Alaimalo's 4,5,6 and 14th

Constitutional Amendment Rights is a Nullity, warrants the District court lacks

jurisdiction to impose sentence and he is entitled to be released upon writ of

habeas corpus. JOHNSON V ZERBST 82 L ED at 1462 (1938).

| Issue II | Part C | Ineffective Counsels all Failure to Object to NO PPROBABLE CAUSE, Illegal Search |
|---|---|---|

This court lacked jurisdiction to impose sentence form the 6th amendment

imcompetent counsels failure to adequately argue "NO PROBABLE CAUSE."

See ILLINOIS V GATE 76 L ED 2D 527 (1983), Supreme court held analysis

"TOTALITY of CIRCUMSTANCES," standard for review for illegal searches.

As argues;

1. Police did not have the name of package.

2. Police did not have an address as to where the package was going to.

3. No counsels objected to raise the broken trail dissipating Probable cause to

Ester Lane.

U.S V JOHNSON 256 F 3d 895 (9th cir 2001), Officer's "GUT FEELING" fell

short of Probable cause to search defendant's property for fleeing suspect.

Exigent circumstances did NOT EXIST. In JOHNSON, suspect ran into rural

area. Police's GUT FEELING, as to suspects direction as "HUNCHES" are

insufficient to establish reasonable suspicion or probable cause for search. At 10,

23

Continuity of search for fleeing suspect was broken, precluding application of exigent circumstances search warrant of third person's rural residential property. All (11) Hot pursuit exception to 4th amendment requirement only apply when officers are in IMMEDIATE and CONTINUOUS pursuit of suspect From scene of crime.

In JOHNSON, determination th where "CURTILAGE" area ends is DE NOVO not clear error. In JOHNSON, Feb 14, 1998, Deputy Kadling prove by Smith's residence saw him standing outside his home. Smith began to run, Kadling told him to stop, tried to clam Smith down, sprayed pepper spray at Smith, Smith fell and began to run.

Kadling in his vehicle saw Smith RUN INTO THE WOODS, halfway in JOHNSON'S driveway, LOST SIGHT of him in the thick brush. Back up arrived,

24

three deputies manipulated the Hasp of the locked gate and entered the private no trespass property. None of the residential area was visible at the gate, (Same as Alaimalo). Officers knocked on Johnson's home, no response, then checked the 30 yards from the home checked the large dog kenel enclosed by chain link fence. 40-50 yards checked a small shed. Officer then peered in two old vehicles, Kadling near the shed smelled marijuana. Smith was never found. Search warrant was issued and found 553 Marijuana plants. Johnson was indicted for manufacturing marijuana, to 21 USC 841 (a)(1), JOHNSON id., 905. Facts in Johnson, deputies did not have probable cause for search nor exigent circumstances. For over 75 years, Supreme court stated probable cause exist when facts and circumstances before an officer are sufficient a person of reasonable caution to believe that the items sought will be found in the place searched. BRINEGAR V UNITED STATES 93 L ED 1879 (1949), CARROLL V UNITED STATES 69 L ED 543 (1925. Supreme court demands specificity, in TERRY V OHIO 392 US 1, Anything less invites intrusions upon constitutional guaranteed rights based on nothing more than inarticulate hunches, a result this court has consistently refuse to scantion, id., at 22, 88 S Ct 1868. By Officer Kadlings own testimony led to Johnson's property no more than "GUT FEELINGS," that Smith would be there made it clear that "HUNCHES" are insufficient to establish reasonable suspicion let alone PROBABLE CAUSE.

ILLINOIS V WARDLOW 145 L ED 2D 70 (2000), Reasonable suspicion is less demanding than probable cause, requires more than an unparticularized suspicion or hunch, TERRY V OHIO, UNITED STATES V KERR 817 F 2d 1384, 1387 (9th cir 1987) Emphasizing that eve a TERRY stop, hunches alone will not withstand constitutional scrutiny.

Officer Kadling did not provide a single objective fact to support his hunch or establish fact to support probable cause to rummage around Johnson's yard. At suppression hearing, Kadling testified he thought it was Logical, that Smith would turn southeast. Kadling SPECULATED where Smith would be, and admitted it was a "GUT FEELING." In Johnson, analogous to UNITED STATES V WINDSOR 816 F 2D 1394 (9th cir 1987) Police followed bank robber to a small two story Hotel and watched him disappear into the building. Police entered and demanded all rooms doors opened ad found the suspect. On appeal, 9th circuit rejected "Hot Pursuit," exception that each room was protected by the 4th amendment. Police did not have Probable cause to search each room. Johnson at (11), Hot pursuit fro scene of crime, WELSH 466 US at 753. Officers cannot rely on exigencies discovered once they are INSIDE, UNITED STATES V LINSEY 877 F 2D 777, 781 (9th cir 1989)> Based on the record officers pursuit was not "Continuous." Kadling lost sight of Smith as he ran into the woods. Analogous to Alaimalo, Officer Palacio, app 88 ad Officer Amaguin, app 90. Only Two officers

that testified to following the truck "PART WAY," Both stopped and PARKED at

the Agriculture building, as in JOHNSON, "NOT CONTINUOUS." surveillance

lost sight of Alaimalo's truck on route 20 minutes prior to when it entered the

thick wooded entrance at Ester

Lane. Truck could have sopped and dropped the package anywhere, there was no Probable cause to enter Ester Lane.

Issue II      Part D      Ineffective Counsel Failure to Object that Police Crossed Alaimlo's CURTILAGE area

A 4th Constitutional Amendment Violation. UNITED STATES V JONSON 256 F 3d 895 (9th cir 2001), Ninth circuld held question of whether search took place within the Curtilage of residence should be dtermine by the District court. At (1) Fourth amedment rotection against warrantless searches extends to curtilage around one's home, subject to De Novo review. At (3), UNITED STATES V DUNN 94 L ED 2D 326 (1987) Supreme court directed question of curtilage should be to four factors, a, Proximity of area claimed curtilage to home, B, whether area includes enclosure to home. C. Nature of uses which area is put, D. Step taken to protect area form observation by people passing by. Government must prove their search was not within the curtilage area. Dunn 1, PROXIMITY. IN Rural, Urban or suburban settigs, a pond 300 feet away from dwelling intimately connected to residence ad backyard grill of broke next door. Yard or field can dictate distaces to out buildings nature of farmstead. In UNITED STATES V FURROW 229 F 3D 805, 817,, (9TH CIR 2000), 100 feet was withi the curtilage area, as rural nature to residence. DUNN 2, ENCLOSURE, DUNN

480 US AT 301, N 4, Natural boundaries, fencing, thick trees or shrubberies may indicate an area which activity of home life extends. DUNN 480 us at 302. *28 UNITED STATES v REILY 76 F 3d 1271, at 1277 (2nd cir 1996), Finding that hedge rows and thick trees, created a sufficient enclosure to determine curtilage. Johnson's property is surrounded by dense wooks and under brush, 12 acres of woded land. Within the 12 acres a relatively small yard, is enclosed by 5 foot fence, includes the house. Dog Kenel and Mushroom shed. some other small fences in the yard also. No fence segregates the house and shed. Yard is sourrounded bby dense woods and under brush, only access to shed is Johnson's driveway and residence. DUNN 3, USE, Deputies had no objective data to the shed, Reily at 1279, Reily, rejected Government's argument officers objective data use of out building because officer smelled marijuana only AFTER they entered the property. U.S V SWEPTON 987 F 2d 1210, 1515, (10th cir 1993). Supreme court in DUNN 480 US At 302, Justice Scalia said, it did not matter what the officers cannot rely on use of area for drugs were, exclusively o information they learned AFTER SEARCH BEGINS. *29 We never held, officer lacking any prior objective knowledge of these outbuildings may approach it free of 4th amedmet constraints, U.S V DEPEW, 8 F 3D AT 1426, 1427, (9TH CIR 1993).

DUNN 4, VISIBILITY, What steps Johnso took to prevent observation of the residential area is visible from highway or from the gate. Johnson purchase the

29

prperty precisely because it was in a rural and secluded area, only meter mana and propane man had keys to the gate. Johnson appears to made every effort to prevet public from observing his property, DEPEW 8 F 3d at 1428. Outbuilding in curtilage area. In JOHNSON, id.,at 904, Meets all four DUNN factors, his shed was so intimately tied to the home itself that it should be placed under home's unbrella of the 4th amendment protection DUNN 480 US at 301. *30

CURTILAGE FACTS IN ALAIMALO;

DUNN I, PROXIMITY, Alaimalo's wife and mother owner of the urban rural setting, entire yard surrounded by thick trees underbrush, all three homes own by same owner, Alaimalo's wife Jerelyn and her mom. Only owners same faily relative all lived in all three homes. Yard includes playground ajoins the three houses, that ajoin the playground is a fenced chicken and pig ad shed. All three contigous to the residence, as rural nature to residence. DUNN 2, ENCLOSURE, Alaimalo had surrounding the hme and yard thick trees and bushes, ad 40 foot surroundig the thick surrounding trees. Only entry was the driveway ad from there you cannot see into where the homes were.

DUNN 3, USE, Alaimalo had Sand playground adjoining the house, chicken and pig shed fenced yard adjoining the playground.

DUNN 4, VISIBILITY, No one could enter the residence from the sides cause of the 40 foot drop, 40 foot wide, and 40 foot back up the hill drop, this jungle is full

30

of wild animals, like wild boars that attack humans. See layout app 75. *31

Police Palacios testified they had to set up surveilance 300 yards way cause if

anyone looked out of the surrounding trees could see anyone in between. There

was NO Points were an outsider could see into the property unless they enter into

the driveway and that violates the 4th amendment right to privacy. Alaimalo

meets all four Supreme court DUNN factors, police violated the 4th amendment

when they entered, 1. Police DID NOT FOLLOW the truck the WHOLE TIME,

App 82, ln 20, I don't know what happened to the Truck to the residence?

(Palacio's). 2. Police did not have any addresses for a warrant, app 83, tr 68, I

don't know where or who Officer Palacio's testified.

3. Police entered the curtilage area violated the 4th amendment from having NO

IDEA WHERE THE PACKAGE WAS. In three houses, in the truck? in rooster

house, pig house, tool shed, chicken shed, Police were rummaging around

Alaimalo's property as in Johnson, "GUT FEELING." Kadling saw Smith run

into the WOODS. None of the facts show Smith was hidig on Johnson's property

or some other locatio surrounding the area. Police do not obtain Probable cause to

conduct a search in one place based on the lack of probable cause to search

another place. They obtain Probable cause because fact finding that they will find

what they are looking for in the place to be searched. TERRY V OHIO 392 US

AT 22. No such facts exist in Johnson. NO SUCH FACTS EXIST IN

ALAIMALO.                                            31

Why did Kadling decide to search Johson's property at all, Kadling lost sight of Smith she he ran into the woods. Smith could go East, West or North, or out in the woods, Johnson's terrain was hilly and covered with trees, Alaimalo had 40 ft drop, surrounding the property. analogous to U.S V WINSOR, Police did not have probable cause to open each hotel door. In Alaimalo, police cross the curtialge, violated the 4th amendment and knock and announce to three houses. They did not have probable casue for any house, shed, or curtilage area.

Conclusion to Curtilage Area

Alaimalo Also should be remanded to the District court to determie whetehr police violated the 4th amendment curtialge area as in JOHNSON. *32

Issue II      Part E      Ineffective Counsels Failure to Object and Suppress the Fraud Exigent Circumstances

In JOHNSON at 907, Government cannot rely on hot pursuit for exigent circumstances cause the exception applies only whe officers are in "Immediate and continuous pursuit of suspect from scene of crime. Officers cannot rely on exigencies discovered once they are inside. In Johnson, the pursuit was not "Continuous." In Alaimalo, Palacio's app 82, tr 66, app 83, tr 68, App 88, tr 276, ln 10, and Officer Amaguin app 90, tr 411, ln 24, Both are the ONLY officers that testified to following the truck to Ester Lane, both lost sight of the truck. Their pursuit from the

32

post office was not "CONTINUOUS." In U.S V LINSEY 877 F 2d at 779, Aug 17, 1987, Detective Cook Arranged a buy of Methamphetamine from the dealer David Orata. Orata said he would sell $1200 worth. Detective said I want to see the merchandise first. Orata said he will go to nearby house and pick it up, that was his source. Orata drove to pick up the drugs at Linsey's house followed by unmarked detective cars. Orata came back with three envelopes of Meth in Cooks car, said he received it from crazy bikers with guns and bombs. *33 Orata was arrested, Cook believed the drugs was fronted and the source would suspect if Orata did not return, Cook called backup cause Orata repeated guns and bombs. One hour later Backup came. Detective Cook did not obtain warrant or place house under surveillance. All officers proceeded to the house. Weapons drawn, officer spotted Lindsey through a window and ordered him to put his hands in the air. Parties dispute the knock and announce. Once inside, placed Lindsey under arrest. UNITED STATES V KUNKER 679 F 2d 187, 191 (9th cir 1982), dealer statement IMPLICATING another person as his source and repeated trips to defendant's home followed by production of cacaine suffciently established probable cause. Ninth circuit held Cook believed Orata's statement, that there were Guns, and Bombs at this address as his source. Ninth circuit held observing Lindsey throught the window gave "MILD EXIGENCY" thus did not violate the knock and announce rule. In Alaimalo, no one said the drugs were at Ester Lane,

(except police lies). No one said he got drugs from Ester lane. No one saw drugs at Ester lane. In Fact, police lost sight of the truck, a INCONSISTENT route to Ester lane. Police had no information except police lies, that the package was at Ester Lane. *34

In Alaimalo, Palacio and officers rummage around the curtilage area, rummage from house to house, lied the truck was parked in Alaimalo's driveway, app 76, LIED Palacio saw Sablan appear at the screen door and exited. Alaimalo was denied exigent circumstances upon this flagrant police manufactured evidence. See app 103, thomas Sablan, App 104, Mrs Sablan, sergeant Blas pointed his gun throught the screen door yelled, "Hit the floor, Put you hands up in the air." This IS NOT KNOCK AND ANNOUNCE. Palacios was thir officer behind Blas. He COULD NOT SEE SABLAN, nor did Sablan appear at the screen door to exit. Palacio LIED, FRAUD MILD EXIGENCY circumstances and in U.S V DRIVER 776 F 2d 807, 810, (9th cir 1985). Exigent circumstances resulting from officers own improper coduct will not excuse warrantless intrusions. UNIED STATES V THOMPSON 700 F 2d 944 (5th cir 1983), At (3) Agents cannot justify search on exigent circumstances OF THEIR OWN MAKING. Agent woodfork manufactored exigency by falsely claiming Thompson would recogize him before he appeared at the door. Remand was necessary to determine if Woodfork could identify Thompson for exigency. *35

34

Supreme court affirmed this 9th circuit precedent, PAYTON V NEW YORK 63 L ED 2D 639 (1980). IN KIRK V LOUISIANA 153 L ED 2D 599 (2002), Supreme court held, police officers need either warrant, probable cause, plus exigent circumstances, in order to make lawful entry into a home. The District Court did not access whether exigent circumstances were present to arrest and search. In KIRT, 5th circuit appeals court held, probable cause was sufficent for lawful search. Supreme court held, the decision "violates" our holding in PAYTON, 9th circuit precedent. Palacio's could not see throught the screen door, being the third officer in line. Blas could not identify Sablan, Blas had on probable cause nor exigent circumstances to yell, "HIT THE FLOOR," No probable cause to enter the Door, No Probable cause to arrest. *35b

JOHNSON cites, In UNITED STATES V LAI 944 F 2d 1434, 1441, (9th cir 1991),, In Lai, Officer Blessing stopped drug runner clifford Tom "Fook," leaving Lai's residence that Ci said Fook bought drugs. Officer stopped Fooks cab, was ordered out, said Fook dropped two bindles and Fook said he go the drugs from Lai's house.

35

Ninth Circuit held Fook's statement gave probable cause for warrantless search. U.S V LAI, today, newly discovered affidavit after first 2255 motion, Fook said, Officer Blessing LIED, that the 2 bindles dropped, LIED, Fook SAID, HE GOT THE DRUGS FROM LAI'S HOUSE. Blessing manufactured the false evidence caused by (3) three times Suspended trial counsel, during Lai's trial years.

### Conclusion

For all the reasons above, Officer Palacios manufactured Fraud Evidence; 1, Alaimalo's name was on the package, 2. Alaimalo's address was at 113 Ester Lane, 3, Brother in truck stop said Alaimalo's name, 4. Truck was parked in the Alaimalo Driveway, 5. Sablan appeared at the Screen Door and exited, 6. Police did not point guns, 7. Police did not follow the truck the WHOLE TIME. Ninth circuit held Palacio saw Sablan at the screen door gave "MILD EXIGENCY" excusing the warrant. This District court must stop the Fraud, government Palacio's Manufactured Probable cause, Exigent circumstances violating Alaimalo's RIGHT to 4th Constitutional amendment Illegal search, RIGHT to 5th amendment due process by the truth NOT LIED, RIGHT to 6th amendment effective counsel, RIGHT to 14th amendment due process by the states officers not manufacturing FALSE evidence. All above Constitutional violations of Alaimalo's Rights warrant this court LACK JURISDICTION to impose sentence, BRECHT V ABRAHAMSON 123 l ed 2d 353 (1993), Errors

### 36

substantially effected the jury verdict, writ should be granted.

Issue II      Part F      Ineffective Counsel Failed to Object to Raise Knock and
Announce

WILSON V ARKANSAS 131 L ED 2D 976 (1995) Common law knock and
announce principle held part of reasonableness inquiry under 4th constitutional
amendment. U.S V RAMIREZ 91 F 3D 1292 (9th cir 1996), District court of
Oregon on Motion to suppress, suppressed evidence, exigent circumstances did
not justify the No Knock Entry into home. Facts are; (3) three days prior to
Ramirez arrest, Alan Shelby escape from custody, knock down a Deputy, facing
248 months in prison declared he would not do Federal time. He had prior escape
and struck an officer, sole a vehicle rammed a police vehicle, had other prior
escapes, threaten to kill witnesses with a hammer. An Informant said he saw
Shelby at Ramirez's house. Agent Kim and Ci drove to Ramirez house saw a man
that looked like Shelby. Agent obtained a warrant Nov 5, 1994, 6;15am, 45 armed
officers and Swat went to execute the warrant. One office broke the Garage
window WAVING a gun, but the curtain blocked the way. Ramirez could not hear
police, thought the noise was burglars, went to get his gun and fired at the garage.
Police yelled police, Ramirez realized his mistake, hit the floor, told police he and
family will exit the home. He was arrested for felon in possession of weapons.

37

Violations of District court found Ramirez rights under the knock and announce law, 18 USC 3109, and suppressed the evidence weapons, 9th circuit affirmed. Householders presented no known danger, Shelby could not escape being surrounded by 45 officers, no evidence Shelby was armed, or would use firearms against the officers, no violence at all. We Ninth circuit agree with the district court, knock and announce was violated in this case. In Alaimalo, he disputes the Palacio's FRAUD, claim they knocked and announced, see app 103, Thomas Sablan, ln 3, Police Oct 6, 1995, came to the door gun pointing and yelled everybody down, put your hands up. Alp 104, Mars Sablan affidavit, as she testified at trial, Tr 698, ln 2, All I remember is police yelling, gun at screen door, everybody down, put your hands up, Tr 699 ln 9. Police did not knock n announce. Police lied to all their facts and here also. Analogous to Ramirez, all evidence should be suppressed in violation of Knock and announce, all caused by (4) four ineffective deficient assistance of counsels. Analogous to UNITED STATES V LAI 944 F 2D 1434, 1441 (9TH CIR 1991), IN LAI,

38

Todays briefs with App 18, Fook's affidavit showing police LIED Fraud, App 19, Cab driver John Gschwendtner by Private investigator report, corroborates Officer Blessing committed Perjury Probable cause. Same Police went to Lai's residence and began kicking in the door, app 22, Baby Sitter's private investigator report. Ms Tims opened the door before the police "BROKE THE DOOR." Officer put HIS FOOT inbetween the door to prevent Tim's from closing it. Officer Stepped inside then ANNOUNCED Police, and showed his badge. Tim's heard NO KNOCK AND ANNOUNCE, Officer's foot inside the door and entered then announced Police. Lai's Trial attorney Lerue Grim was SUSPENDED (3) three times form the states Bar for Incompetence. Search records were sealed before trial. At Suppression hearing, all search reports were sealed and Unsealed at trial, yet, trial attorney failed to object to the false Police PERJURY probable cause.

Conclusion

For all the reasons above, Guam police manufactured False probable cause and False Exigent circumstances failure to Knock and announce. This court must suppress the evidence upon the 4th amendment, violation caused by 6th amendment ineffective counsel, and due process of the 5th and 14th amendments from Police, government's FALSE FRAUD probable cause and "MILD EXIGENCY," violated defendant's RIGHTS, this court lacks jurisdiction from all above violations.

39

Issue III    Upon Resentencing Supreme Court defined Related Priors Count As
One

STRICKLAND V WASHINGTON 80 L ED 2D 674 (1984), Ineffective

Counsels O'Mallen and Direct Appeal Arens, both were deficient and fell below

professional standards by permitting the courts to split Alaimalo's related prior to

two felony priors prejudice Alaimalo to the 841 (a)(1) Mandatory life sentence.

See U.S V ROBINSON 187 F 3d 516 (5th cir 1999), In Robinson, his two prior

convictions were merely repeated transactions, temporally and geographically

alike. Although the two crimes occurred only (7) seven days apart and within the

same vicinity. They contain factual nexus;

A. Were jointly planned or where B. Commission of one crime entailed the

commission of the other specifically. Robinson planned the commission of the

second crime during the course of the first crime. He sold rock cocaine to agent

Fuchs and said he would pay $50, if Fuch would refer the other customers to

Robinson. Thus, Robinson planned, intended to sell other drugs at the time he

committed the first offense to Fuchs customers. Second transaction was not spur

of the moment occurrence. See UNITED STATES V WOOD 976 F 2d 1096-99

(7th cir 1992), Second offense could not occur had been a first offense. In light of

Robinson's jointly planned two deliveries of cocaine, we conclude Robinson's two

40

prior state convictions are related as part of a common scheme or plan and treated as one conviction. District court erred in sentencing Robinson to Career offender. We vacate the sentence and remand for resentencing.

Alaimalo's prior was analogous to Robinson, Alaimalo's was arrested for one POSSESSION of crack cocaine, he was sentence to One year in state prison, he completed (8) eight months, released on probation and violated probation for the same drugs possession that he had been using and purchase during the same first possession. Therefore analogous to Robinson, he planned to "USE" the same "PERSONAL USE" crack cocaine as the first possession and thus, as in Robinson, are RELATED, and should be counted as ONE PRIOR. Supreme court in BUFORD V UNITED STATES 149 L ED 2D 197 (2001), Defined District court's "DEFERENTIAL REVIEW" Rather than DE NEVO review as to whether Bufords priors were related. Guidelines direct related priors as one conviction. Include those that were consolidated for sentencing. Buford's (4) four robbery convictions were ruled related as in Robinson, one was planned and they planned to Rob as many as planned from the begining. Buford, Robinson and Alaimalo were argued together at sentencing, consolidated at sentencing. Upon resentencing, because of Alaimalo's (3) three non invalid importation counts, Alaimalo's related priors can be heard, on resentencing. All facts pertaining to new sentence can be heard, UNITED STATES V TUCKER 30 L ED 2D 592 (1972), Defendant has a right to

41

due process to sentence on the basis of accurate information by effective assistance of counsel.

See USSG 4A1.2 APP 3, Related prior rule Prior sentences are not considered related if they were for offenses separated by intervening arrest otherwise are related if they A, occurred on the same occasion, b, were part of a single common scheme or plan, or C. were consolidated for trial or sentencing. In Alaimalo, his Initial Probation of 3 years possession of crack cocaine a crack pipe, it was PERSONAL USE. Upon release, went home to get the SAME CRACK HE HAD prior to arrest and SMOKED the same drugs he purchase when he was FIRST ARRESTED. THUS, Alaimalo meets, 4A1.2, app 3, A, Occurred on same occasion, B, Part of same scheme or plan, and C, Consolidated for sentence FOR THE SAME CRIME, sentence twice for the same charge, cause he VIOLATED HIS PROBATION, means he was sentence to the SAME CHARGE AND CONVICTION, he just VIOLATED PROBATION.

42

## Conclusion

Ineffective counsels sentencing and direct appeal did not argue the Robinson exception nor sentencing guideline rule application, USSG 4A1.2 APP 3, That Alaimalo meets the statute rule, his sentence meets A, occurred on same occasion, B, were part of a single plan, C, were consolidated for sentencing. Ineffective counsel failure to simple read statute commentary prejudice Alaimalo to Life sentences by counsel's errors. Alaimalo can be heard upon REED V ROSS 82 L ED 2D 1 (1984), Supreme court held, habeas corpus petitoner to have "CAUSE" for failure to raise the novel constitutional issues in State court and failure to raise on appeal. Supreme court said the issue was sufficiently "NOVEL" that defendant is excused for his attorney's failure to raise at sentencing and direct appeal.

Issue  IV     (4) Four Ineffective Counsel's Deny Alaimalo's Constitutional Right to Effective Assistance of Counsel

STRICKLAND V WASHINGTON, Supreme court held, counsel's errors were so serious as to deprive defendant of a fair trial because of reasonable probability that, but for counsel's unprofessional errors, the results would have been different. Facts in STRICKLAND were; Sept 10, 1976, during a 10 day period, respondent

43

committed three brutal stabbing murders, torture kidnapping with two accomplices. Indicted for murder, robbery, kidnapping, respondent told the judge he and no prior record and committed the crime under stress by his inability to support his family. Counsel decided not to present evidence or investigate respondent's character, emotional states or medical background. Counsel prevented state from cross examination to present evidence of psychiatric evidence. Supreme court held to decide the proper standards requiring death sentence be set aside cause of ineffective counsel.

In Alaimalo, by totality of circumstances, FOUR ATTORNEYS, one legal assistance, all Repeated the same external impediment police lies for exigent circumstances. All counsels fell below professional standards when they all, 1. Failed to Raise No Probable Cause, (9th circuit decision raised on direct appeal but because counsel did not raise the issues, it was "WAIVED.") 2. FAILED to investigate, 2a, police lied Alaimalo's name on package 2b, Sergeant Blas had 113 Ester lane address lie. 2c, Not a CONTINUOUS route following the truck to destination. 2d, Brother did not say, Alaimalo, 2e, Police lied the truck was parked in Alaimalo's driveway, 2f, Police lied Sablan APPEARED at the screen door and EXITED. 2g, Lied police did not point guns. Must Crucial error, at no point from the post office, no one knew exactly where the package was. UNITED STATES V ALAIMALO 313 F 3d 1188 at 1191, counsel failed to raise probable

44

cause and thus it is "WAIVED." (4) Four ineffective counsels meet the "ONE MAJOR CONSTITUTIONAL ERROR," Alaimalo was denied the Right to 6th amendment guarantee of effective counsel. Failure of attorney to inform his client of relevant law clearly satisfies the First prong of STRICKLAND, at 690.

> "Although Arens did not raise issue of PROBABLE CAUSE in his brief this court (9th cir) Panel did consider the matter on oral argument, However decided the Probable cause argument as WAIVED."

Alaimalo's (4) counsels and legal law student all were unaware without probable cause, You cannot find exigency. Alaimalo's 1st prong error was so serious, counsel was not functioning as the 6th amendment guarantees. Failure to consider claim merits would result in a miscarriage of justice. REED V Farly 129 L ad 2D 277 (1994), Alaimalo's all counsels were constitutionally deficient for failing to raise claim, STRICKLAND at 668, 687. All Alaimalo's (5) legal defense team failure to raise probable cause substantially prejudice, disadvantage, thus, infecting his entire trial with errors of constitutional dimensions.

In Alaimalo, the evidence was central to the government's case. Obviously, without the evidence the results would have been different, See ADCOX V O'BRIEN 899 f2d 735 (8th cir 1990).

45

## Conclusion

For all the reasons above, Counsels failure to raise relevant law meets the 1st prong of STRICKLAND, deficient counsel erred in Failure to

a, Preserve the invalid importation issue,

b, Failure to raise NO PROBABLE CAUSE,

c, Failure to raise First prior Probation CANNOT count for 841 Enhancement

d. Failure to raise the violation of SAME charge prior is RELATED and counts and ONE PRIOR not TWO PRIORS for enhancement.

e, Failure to raise the Consent to search was COERCED.

ALL Four Alaimalo's counsels and law Student meet the "MAJOR CONSTITUTIONAL ERROR", the errors prejudice defendant to (5) five life sentences, GLOVER V UNITED STATES 148 L ED 2D 604 (2001) Supreme court defined "PREJUDICE" as "ANY AMOUNT OF JAIL TIME." Alaimalo's Constitutional RIGHTS to the 4th, 5th, 6th and 14th Amendments, warrants this court lacks Jurisdiction to impose sentence, Alaimalo's writ should be granted.

46

Issue   V      Coerced Consent Failed to Raise by Ineffective Assistance of Counsel

### CONSENT WAS NOT VOLUNTARY

U.S V ALLARD 600 F2D 1304 AT (4) Government asserts Berg's statement consent to search.

### "I SUPPOSE I DON'T HAVE A CHOICE."

WAS consent to search. We (9th) circuit disagree. Under SCHNECKKLOTH V BUSTAMONTE 36 L ed 2d 854 (1973). When subject is not in custody, the 4th and 14th amendments to require consent to be voluntarily given, and not result in duress or coercion, expressed or implied, must be determined by circumstances.

Agents threatened him that unless he consents they would ARREST HIS WIFE AND 1 YEAR OLD BOY. Alaimalo ademently wanted the HEAD AGENT TO App 84, Tr 141, ln 22 Deal not to arrest the wife and son "PROMISE" the deal if he signs and consent agents would not arrest his family, See affidavit app 76. U.S V JOHNSON 256 F3d at note 7, Quotes .S V REIF 226 F 3d 1020, 1026, (9th cir 2000), INVALID search from involuntary consent. JOHNSON V ZERBST 82 L ED 1462 (1938) WAIVER must be Voluntary.   Meets the 2 prongs of STRICKLAND.

47

Issue VI    Part A    Aalaimalo's Prior Enhancement Never Qualified Caused
                      by Ineffective Assistance of Counsel

See U.S V CASAREZ-BRAVO 181 F 3D 1074 (9th cir 1999), State convictions

DID NOT QUALIFY for enhancements under Sentencing guidelines, at (3),

4A1.1(a) does not include prior convictions when sentence of imprisonment was

less than one year and one month.

Seep App 105, Alaimalo's 1st prior did not qualify as a prior, paragraph 38.

Initial sentencing Feb 18, 1987, probation was granted for 3 years with 179 days

in jail. This Initial PROBABTION Did NOT EXCEED ONE YEAR

IMPRISONMENT. Alaimalo violated probation and was sentence to (3) years

and this is the only prior that qualifys for enhancement.    Alaimalo's first prior

DOES NOT MEET Prior felony for 841 enhancement, see USSG 4A1.1 criminal

history (3) points for each prior of imprisonment exceeding one year and one

month. USSG 4A1.2(e) Applicable time period, (1) Any prior sentence of

imprisonment exceeding one year to one month. USSG 4A1.2(o) Felony offense

means federal state punishable by imprisonment EXCEEDING ONE YEAR.

Meets the 2 prongs of STRICKLAND.

48

## Conclusion

For all the reasons above, this court must correct the now INVALID

IMPORTATION COUNTS that NOW INVALID IMPORTATION DRUGS

infected the remaining counts. Excluding the importation drugs, Alaimalo's

remaining counts must be resentenced and all issues that relate to new sentence,

NEWLY Discovered affidavit 103 Proof of Police Fraud illegal search. Erroneous

unqualifying probation prior, all prejudice defendant to (5) five life sentences plus

30 years from all from all above Constitutional Rights violations of the 4th, 5th,

6th and 14 amendments. This court lacked jurisdiction to impose sentence from

his Rights violations. Defendant's Writ and evidentiary hearing should be

granted.

49